UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMA JEAN KIER, as Personal Representative of the Estate of ROBERT KIER, <br>     *Plaintiff*, <br><br> vs. <br><br> OFFICER FRANK MILLER, JR., *et al.*, <br>     *Defendants*. | 1:08-cv-01040-JMS-WTL |

## **ORDER**

Presently before the Court is Defendants' motion for summary judgment (the "Motion for Summary Judgment"). [Dkt. 47.]¹

### BACKGROUND

This § 1983 excessive force claim arises from the 2007 arrest of Robert Kier. Officers Frank Miller and Nancy Longworth, of the Indianapolis Metropolitan Police Department ("IMPD"), responded to a report that a car parked in the middle of the street was blocking a school bus. [Dkt. 52-1 at 1.] Mr. Kier later arrived on the scene, claiming the parked car to be his. [*Id.*] When the Officers requested Mr. Kier's driver's license, he had difficulty retrieving it from his wallet. [*Id.*] Officer Miller reached out to help him retrieve it. [Dkt. 52-2 at 7.] What happened next is the subject of some dispute in the record. Officer Miller claims that Mr. Kier smacked Officer Miller's hand, [*id.*], while Mr. Kier denied that claim in discovery, [dkt. 52-9 at 2]. Whatever happened, no dispute exists that Officer Miller told Mr. Kier that he was under arrest for battery. [Dkt. 52-2 at 8.] Mr. Kier, however, refused to submit. A struggle ensued during which both Officers Longworth and Miller were injured, [dkt. 52-5]; Mr. Kier was tased,

---

[1] Upon the written consent of the parties, this case has been referred to the undersigned Magistrate Judge for all proceedings, including for the entry of judgment, as permitted under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Dkt. 13.]

kicked in the knee, sprayed with tear gas, and repeatedly slapped on the temple, hit in the upper body, and struck with a baton—all in increasingly escalating attempts to subdue him that left him bloody. [Dkt. 52-1; 52-2 at 8 to 16; 52-3 at 3 to 7; Defs.' Exh. D and E.] Much of the struggle was recorded on two, somewhat grainy, videos shot by bystanders (videos which the Court has viewed in their entirety). [Defs.' Exh. D and E.]

Mr. Kier ultimately pleaded guilty to resisting arrest in Indiana state court. [Dkt. 52-8.] The resulting conviction from that plea hasn't been set aside.

Since the time that Mr. Kier filed this lawsuit against Officers Miller and Longworth, Mr. Kier passed away from causes unrelated to his injuries during the arrest.[2] The Personal Representative of his Estate has therefore been substituted for Plaintiff.

## DISCUSSION

When a party files a motion for summary judgment, the party asks the Court to decide that a trial is unnecessary because it could only come out one way—in that party's favor. Accordingly, before granting a motion for summary judgment, the Court must find that there is no dispute over any material facts and, based only upon those undisputed material facts, that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When deciding whether to grant a motion for summary judgment, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial...against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986) (citation omitted).

Defendants advance three bases for the entry of summary judgment: the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994); their asserted reasonableness in using force, under the totality

---

[2] The IMPD was originally named as a Defendant but later dropped following Mr. Kier's passing. [*Compare* dkt. 1-1 at 3, *with* dkt. 36.]

of the circumstances; and qualified immunity. The Court concludes, however, that their arguments are either inapplicable or else are predicated upon disputed material facts, thus preventing summary judgment here.

### 1. *Heck v. Humphrey*

Defendants incorrectly invoke *Heck v. Humphrey*, 512 U.S. 477, as a basis for cutting off Plaintiff's claims. That case holds that litigants cannot maintain § 1983 suits that necessarily challenge the validity of their criminal convictions, unless those convictions have been set aside. *Id.* at 487. Because Plaintiff here claims that the arresting officers used more force than appropriate to subdue Mr. Kier—including, as Plaintiff's response specifically argues, that they continued to use force after he had submitted, [dkt. 56 at 14-15]—a judgment in Plaintiff's favor would not necessarily call into question Mr. Kier's conviction for resisting arrest; therefore, *Heck* does not apply. *See Hardrick v. City of Bolingbrook*, 522 F.3d 758, 763-64 (7th Cir. 2008) (holding that *Heck* didn't apply to § 1983 action for excessive force alleging continued use of force after resistance had stopped); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) ("Were we to uphold the application of *Heck* in this [excessive force] case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages.").

Although Mr. Kier's discovery responses (served before he died) denied committing certain acts of resistance, those denials likewise form no basis to apply *Heck*.[3] Defendants have failed to provide Mr. Kier's plea colloquy, and thus the factual basis for his plea to resisting arrest. Without that information, Defendants ask the Court to speculate that Mr. Kier denied in discovery the specific act of resistance that he admitted in his plea. The Court cannot engage in

---

[3] Mr. Kier did, however, admit that he failed to put his hands behind his back when ordered to do so. [Dkt. 52-9 at 2.]

such speculation. But should Defendants later show that Mr. Kier's discovery responses contradict the admission in his guilty plea, Defendants can seek to redact the improper denials if they wish to introduce the remaining discovery responses into evidence.[4] Sanctions for improper discovery responses could also be appropriate, depending on the circumstances. *See* Fed. R. Civ. Pro. 26(g)(1) (discussing effect of attorney's signature on discovery responses); *id.* at 37(c) (discussing sanctions for wrongfully refusing to supplement previous discovery responses in light of new information and permitting the imposition of fees if a party must prove up a denied request for admission).

### 2. Evaluating the Use of Force Under the Totality of the Circumstances

Despite the general rule that the totality-of-the-circumstances inquiry necessary in excessive force cases makes summary judgment inappropriate, *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005), Defendants ask the Court to find as a matter of law that the force that they used upon Mr. Kier was reasonable, and thus non-excessive. Viewing the evidence in the light most favorable to Plaintiff, as required on a motion for summary judgment, *Celotex*, 477 U.S. at 330 n.2, the Court finds that genuine issues of material fact exist.

One such genuine issue of material fact concerns when precisely Mr. Kier stopped resisting arrest, *Johnson v. Scott*, 576 F.3d 658, 659 (7th Cir. 2009) ("When a suspect waves the white flag of surrender, the use of force in connection with an arrest may, as an objective matter, become unnecessary and inappropriate."). As Defendants themselves concede, Mr. Kier verbally agreed to put his hands behind his back amidst a series of baton strikes from Defendant

---

[4] Federal Rule of Evidence 802 will generally prohibit Plaintiff from admitting Mr. Kier's discovery responses into evidence at trial as impermissible hearsay. Plaintiff was only able to rely upon those discovery responses here because Defendants chose to rely upon them first in the summary judgment record. *See* Fed. R. Civ. Pro. 56(e)(1) (requiring that affidavits "set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Longworth.  [Dkt. 48 at 8.]  Yet, a few seconds later, because Mr. Kier had not done so, Defendant Longworth resumed her baton strikes, and Officer Miller resumed efforts to subdue him.  [*Id.*; Ex. D.]  A jury must decide whether Mr. Kier's failure to put his arms behind his back constituted an act of resistance, as Defendants claim; or whether as Plaintiffs claim, it stemmed from Mr. Kier's allegedly obvious physical inability to put his arms behind his back, given his age and awkward position on the ground.  The videos submitted cannot establish either party's position as a matter of law at the summary judgment stage.

Whether Mr. Kier originally battered Officer Miller before the attempted arrest also constitutes a genuine issue of material fact.  If Mr. Kier did, Defendants may have been entitled to view with heightened skepticism Mr. Kier's stated intention to comply with Defendants' commands.  *See generally Johnson*, 576 F.3d at 659 ("[N]ot all surrenders…are genuine, and the police are entitled to err on the side of caution when faced with an uncertain or threatening situation.").

A third genuine issue of material fact concerns the actual amount of force that Defendants used on Mr. Kier, particularly after he verbally agreed to put his hands behind his back.  *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003) ("A police officer's use of force is unconstitutional if, judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." (quotation omitted)).  Although, for example, Defendants characterize the last series baton strikes as "light," [dkt. 48 at 8], that is a characterization for the finder of fact, after a review of all the evidence; the appropriateness of that characterization cannot be accepted here as a matter of law.

### 3. Qualified Immunity

Defendants' claim of qualified immunity suffers from the same factual disputes as those that preclude summary judgment on the merits.[5]  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quotation omitted) (per curiam). While Defendants maintain that they "did not use any force once Plaintiff was subdued" and that all their force was "directly proportional" to Mr. Kier's resistance, [dkt. 58 at 12], the Court has already concluded that issues of fact exist regarding when Mr. Kier was subdued and the amount of force Defendants used.  Given that factual dispute, it is possible both that a constitutional violation occurred and that the violation was one of a clearly established right.  *See Johnson*, 576 F.3d at 660 ("It is well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders."  (citations omitted)).  Of course, it is also possible that a jury will agree with Defendants' version of the events, or that only Defendants' version will be admitted at trial.  That record will be evaluated once it is established.

#### CONCLUSION

The Court concludes that this lawsuit doesn't necessarily call into question Mr. Kier's underlying conviction; therefore, the bar of *Heck v. Humphrey* cannot apply.  The other arguments raised in Defendants' Motion for Summary Judgment implicate genuine issues of

---

[5] Defendants haven't explained why they waited over a year into this litigation before seeking resolution of this issue, rather than raising it at the outset as ordinarily expected, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (explaining that because qualified immunity "is an **immunity from suit** rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  (original emphasis) (quotations and citations omitted)).

material fact regarding conflicting inferences from the evidence, conflicts that must be resolved by the jury.  The Motion for Summary Judgment is **DENIED**.

02/08/2010

*Jane Magnus-Stinson*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

David L. Byers
HOLWAGER BYERS & CAUGHEY
dbyers@hbclegal.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Nicole R. Kelsey
CITY OF INDIANAPOLIS CORPORATION COUNSEL
nkelsey@indygov.org

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com